UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

U. S. DISTRICT COURT
Eastern District of Louisiana

FILED JAN 2 6 2005

LORETTA G. WHYTE
Clerk

United States of America,
    Respondent-Plaintiff,

V

Kenneth Richmond,
    Petitioner-Defendant.

§
§
§
§
§
§
§
§
§

Criminal
Case No. 00-321  N(4)

---

### PETITIONER'S RESPONSE BRIEF

---

Comes Now, Kenneth Richmond, petitioner pro se interposing **Haines v Kerner**, 404 US 519 (1972) and hereby files his petitioner's reply brief in response to the government's response which was received on January 7, 2005. In support thereof, petitioner Richmond submits the following, to wit;

### PETITIONER'S LEGAL ARGUMENTS AND OPPOSITION REPLY

First, petitioner realleges, readopts and incorporates by reference his 28 USC §2255 arguments in it's entirety in this reply to the government's response.

### I.

THE SUPREME COURT IN **UNITED STATES V BOOKER**, 543 US _____ (2005); AND **UNITED STATES V FANFAN**, 543 US _____ (2005) OVERRULES THE GOVERNMENT'S ARGUMENT (ISSUE ONE OF THEIR RESPONSE) THAT **BLAKELY**, HAS NO APPLICATION TO PETITIONER"S CASE.

___Fee_____
___Process_____
_X_Dktd_____
_X_CtRmDep____
Doc. No._____

The government [issue I] has been overruled by the U.S.

Supreme Court on January 12, 2005 in **United States v Booker**, 543 US _____ (2005) and **United States v Fanfan**, 543 US _____ (2005) that **Blakely v Washington**, 124 S.Ct. 2531 (2004) applies to the federal sentencing guidelines. Therefore, the government's argument that **United States v Pinerio**, 377 F3d 464 (5th Cir. 2004) forecloses petitioner's **Blakely** argument's is in error and contrary to law.

### a. BLAKELY APPLIES RETROACTIVELY TO PETITIONER'S CASE

The government, in their §2255 response, incorrectly argues that **Teague v Lane**, 489 US 288 (1989) forecloses retroactive application of **Blakely** to petitioner's case and uses **Schriro v Summerlin**, 124 S.Ct. 2519 (2004) as support. This in incorrect.

### (1) Schriro is inapplicable to petitioner's case

In **Schriro** the Supreme Court held that **Ring v Arizona**, 536 US 584 (2002) was not retroactive in Summerlins case because the rule announced in **Ring** was new and was announced after Summerlin's conviction was final and did not fit into an exception to the **Teague** analysis.

Petitioner's case is inapposite to **Schriro** because his conviction was **final** after **Apprendi** and **Ring** was announced. **Summerlin** was not and **that** was the basis for denying him the retroactive application of **Ring**. Moreover, petitioner is entitled to even rely on **Ring** because it was dictated by **Apprendi**, "precedent existing at the time [the petitioner's] conviction became final." **Teague**, 489 US at 301. In **Lambrix v Singletary**,

520 US 518 (1997) the Supreme Court held "Lambrix's conviction became final on November 24, 1986, when his time for filing a petition for certiorari expired. Thus, our first and principal task is to survey the legal landscape as that date, to determine whether the rule later announced in Espinosa was dictated by then-existing precedent - whether that is, the unlawfulness of Lambrix's conviction was apparent to all reasonable jurists." 520 US at 527-28. Thus, **Blakely** is dictated by **Apprendi** because **Blakely** Supreme Court held:

> "The 'statutory maximum' for **Apprendi** purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."
> Id. at 2637.

The Supreme Court pointedly rejected the rationale relied on by the Fifth Circuit and other federal circuits that have refused to apply the rule of **Apprendi** to enhancements under the federal sentencing guidelines.

Clearly, the ruling in **Blakely** is compelled by then existing precedent, **Apprendi**, which was announced after petitioner's conviction was final. **Schriro** simply does not apply to petitioner's **Blakely** arguments as suggested by the government.

     (2) **The Solicitor General Admits Booker's oral arguments that Blakely is retroactive.**

The U.S. Solicitor General in arguing against applying **Blakely** to the federal sentencing guidelines, at **United States v Booker**, 534 US _____ (2005) oral arguments, admitted that **Blakely** affected 65% of all cases in the world. (Ex "A").

The law of the case doctrine now prevents the government from changing it's position of **Blakely** affecting 65% of **all** cases in the world.

**(3)  Apprendi invites extensions beyond its core holding**

**Apprendi** itself invites extensions beyond its core holding. In discussing a previous decision, the court wrote:

> "Even though it is arguable that Alman-Durez-Torres was incorrectly decided, and that **a logical application of our reasoning today should apply** if the recidivist issues were contested, Apprendi does not contest the decisions validity and we need not revisit it for purposes of our decision today."
> 120 S.Ct. at 2362 (emphasis added)

Indeed by its terms **Apprendi** itself invites extensions beyond it's core holding. The new rule announced in **Apprendi** and extended through **Blakely** involves the reasonable doubt standard and the jury trial guarantee - thus implicating both the accuracy and fairness of criminal proceedings. Indeed, in setting forth it's rule, the **Apprendi** court emphasized the importance of the "reasonable doubt" standard to the accuracy of a criminal proceeding, by stating that jury findings as to statutory maximum - enhancing factors is constitutionally required in order "to reduce the risk of imposing [  ] deprivations [of liberty] erroneously. **Apprendi** 120 S.Ct. at 2359. The Court also focused upon the fairness of the proceeding, by noting that "[a]t stake in this case are constitutional protections of surprising importance," the right of a criminal defendant" to 'a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." Id.

4

Because the petitioner did not have notice of the nature of the allegations, that he was sentenced to under the preponderance of evidence standard, he was not properly able to defend himself, which renders his trial fundamentally unfair and unjustice. **Sawyer v Smith**, 497 US 227, 242-44 (1990).

**(4)  Blakely is retroactive**

According to **Teague**, a new Constitutional "rule of criminal procedure" may not be applied retroactive to cases on collateral review. **Teague** which applies only to procedural rules, does not apply to a situation where the Supreme Court decides the meaning of a criminal statute enacted by Congress. **Bousley v United States**, 523 US 614, 620 (1998). In **Bousley**, the court held that the interpretation of 18 USC §924(c) set out in **Bailey v United States**, 516 US 137 (1995) applied to cases which were final. "This case does not raise any question concerning the possible retroactive application of a new rule of law, of **Teague v Lane** ... because our decision in **Bailey v United States** ... did not change the law. It merely explained what §924(c) had meant ever since it was enacted." 118 S.Ct. at 1612. In the same way that after **Bailey** a jury must find "active employment" of a firearm before it may convict a defendant of "using" a firearm under 18 USC §924(c), after **Blakely**, a jury must find beyond a reasonable doubt, any sentencing enhancements [other than prior convictions] used to sentence a defendant.

In petitioner's case, the jury was not asked to determine the sentencing enhancements. The Supreme Court merely explained

what the sentencing guidelines meant ever since they were enacted, and its holding applies to all cases since 1987 in which the defendant received an enhanced sentence. [See Ex "A" Solicitor General agreeing to that point]. Therefore, the issue in this case is not whether the petitioner was sentenced to more than the statutory maximum, but rather whether the determination of the facts that led to his sentence by the court and **not** beyond a reasonable doubt violated his Sixth Amendment rights under **Apprendi** and its progeny, **Blakely**. "Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime he is charged. **In re Winship,** 379 US 358, 364 (1970).

The Supreme Court cases **Blakely, Booker** and **Fanfan** are extensions of **Apprendi** which was announced before the petitioner's conviction was final. Moreover, the petitioner has standing to attack his sentence and conviction due to the **Apprendi** errors committed by his counsel's ineffective assistance and which the government chose not to challenge in their response. Petitioner's §2255 brief sufficiently alleges cause and prejudice suffered by the petitioner to overcome the **Strickland** hurdles, and to which the petitioner's readopts, realleges and incorporates by reference in its entirety. This Court should grant petitioner's §2255 and resentence the petitioner's sentence without the additional sentencing enhancements that were added by the sentencing judge in violation of **Blakely** and petitioner's Sixth Amendment rights.

II.

## THE GOVERNMENT FAILED TO ARGUE PETITIONER'S APPRENDI INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's issue I of his §2255 argues that his counsel was ineffective for failing to argue the Apprendi violations committed in his trial proceedings:

> "d. Counsel was ineffective for failing to properly argue Apprendi violations."
> (petitioner's §2255, page 10)

Clearly, the petitioner argued that his counsel was ineffective for failing to address petitioner's claims that his counsel failed to argue the Apprendi violations of his proceedings.

The government did not argue against these violations, thus, the petitioner is entitled to have these issues deemed as admitted by the government for their failure to argue or refute the Constitutional Apprendi violations. **Bland v California Dept of Corrections**, 20 F3d 1469 (9th Cir. 1994). The government's failure to argue or refute these issues results in the waiver of their objections and constitutes a default. **Gray v Netherland**, 518 US 151, 165-66 (1996). The government's failure to argue against the petitioner's Apprendi Sixth Amendment violations committed by his counsel should be granted in their entirety. Petitioner readopts, realleges and incorporates his Apprendi ineffective assistance of counsel §2255 issues in their entirety for this response.

7

III.

**THE GOVERNMENT CANNOT DEFEAT PETITIONER'S SWORN AFFIDAVIT WITH CONCLUSORY ALLEGATIONS CONCERNING PETITIONER ABOUT MAXIMUM SENTENCE OF FOUND GUILTY**

(Government issue II)

The government uses conclusory allegations and unproven claims: "Richmond was a recidivist, a dangerous criminal and one who had orchestrated the murder of a coconspirator." (gov't response at page 24). It is well settled that conclusory allegations do not defeat facts sworn to in an affidavit. **Anderson v Creighton**, 97 Led2d 533 (1997).

The petitioner has submitted a sworn atatement [par. 2-3, page 2-3 of §2255] that his counsel told him he would not receive more than five years and that he should take it to trial. Counsel told the petitioner that under **Apprendi** the five year statute would remain the base level in his case. The petitioner swore to his allegation and the government, in violation of attorney-client privilege, produces only the letter that counsel mailed to petitioner. The letter is taken out of context as to what was told to the petitioner and explained by counsel. If, it is as the government says, why didn't the government obtain a sworn affidavit of counsel Small or request an evidentiary hearing to settle the matter? The government uses only innuendo's and conclusory allegations to argue against what was told to the petitioner. Furthermore, the government's using a confidential letter, obviously, obtained from counsel small indicates that the government had the opportunity to obtain a sworn statement

as to the conversation(s) between counsel Small and the petitioner, but, instead chose to use only conclusory allegations. Under the rule of criminal and civil procedure, the government has not met their burden of proof, while the petitioner has submitted sworn affidavit evidence. This court should accept the petitioner's sworn statements over the unverified allegations of the government, and grant petitioner his §2255 requested relief.

## IV.

### THE GOVERNMENT USES CONCLUSORY STATEMENTS TO ARGUE COUNSEL NOT INEFFECTIVE FOR FAILING TO REQUEST EVIDENTIARY HEARING

(gov't issue III)

The government, in their response, confuses the issue of petitioner's §2255 issue III that his counsel was ineffective for failing to argue for an evidentiary hearing at trial.

The government states that "the decision to hold a hearing rests with the sound discretion of the trial court. **United States v Blackburn**, 9 F3d 353, 358 (5th Cir. 1993)." (government brief page 25). That is a true statement but in this context it is a fallacy. How could the court act on a request for an evidentiary hearing when counsel NEVER made the request UNTIL it was TOO LATE [in the court of appeals] as evidenced by the Fifth Circuit's ruling that counsel failed to timely request an evidentiary hearing... ultimate proof [in the Fifth Circuit] that counsel was ineffective for failing to request an evidentiary hearing.

Counsel **belatedly** realized that an evidentiary hearing should have been requested and tried to slip the request for one in his

appeal. Counsel, himself, knew he was ineffective at trial and attempted to correct the deficiencies, but was derailed.

The government argues in their response page 25 that "no evidentiary hearing could change that fact or alter the statement in Carey's letter that she had disrupted the government's case."

How can the government know what would have developed in an evidentiary hearing? The essence of an evidentiary hearing in the development of facts, not conclusory assertions as the government submits to this court.

The determination of whether to conduct a evidentiary hearing while is left to the discretion of the court, the Fifth Circuit's opinion is indicative of what should have happened but for counsel's errors. Counsel had an affirmative duty to request an evidentiary hearing and failed to do so. The Fifth Circuit further stated:

> "Additionally, Richmond did not argue to the district court that the meaning of Carey's letter was unclear."
> (Government response page 7)

Clearly, the Fifth Circuit is denying the petitioner his direct appeal relief **because** counsel failed to adequately develop the record for direct appeal review. Petitioner was denied this issue because of counsel's ineffective assistance of counsel. Prejudice has been shown by the Fifth Circuit and that:

1. Counsel failed to argue the evidentiary hearing issue to the district court;

2. Counsel failed to address the fact(s) that Carey's admitted perjury was unclear and therefore outside the facts and matters on record requiring an evidentiary hearing; and

3. That counsel therefore waived this meritorious argument.

Counsel was ineffective as a matter of law. Petitioner was prejudiced by this ineffectiveness in allowing the waiver of unclear perjury statements that could have changed the outcome of the proceedings. Both prongs of the Strickland analysis have been satisfied.

V.

## PETITIONER'S DUE PROCESS RIGHTS VIOLATED BY PROSECUTOR'S FAILURE TO CORRECT FALSE TESTIMONY

(Government Issue IV)

The government, in their response admits the false testimony was exculpatory. A deliberate deception on the part of the prosecutor by allowing known false evidence to go uncorrected is not compatible with the "rudinentary demands of justice" Napue v Illinois, 360 US 264, 269 (1959), and that duty encompasses impeachment evidence as well as exculpatory evidence. United States v Bagley, 473 US 667, 676 (1985).

The government alludes in it's response that it did all in its power to elicit the truth. (government response page 25). This position is contrary to well settled law. If the prosecution knows or should have known about the perjury, a new trial must be granted "if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." United States v Agurs, 427 US 97, 103 (1976).

The impeachment of crucial witness testimony more than likely would have alerted the jury to the true face of the government

11

witness.  The significance of the perjured witness testimony would have not been lost upon the jury because there was a reasonable probability of a different result where the uncorrected perjury put the case in a different light so as to undermine the confidence in the jury verdict.

Under the materiality inquiry, had the jury been alerted to the recanted testimony of the government witness, there is a reasonable probability that the jury would have changed its collective mind and decided the impeached witness significantly alerted the factual veracity of the remaining testimony.  At any rate, the petitioner was unconstitutionally hindered by the uncorrected perjured testimony, which tainted the proceedings.

A new trial should be ordered to correct the constitutional violations that infected the judicial proceedings.

## VI.

### COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE AND REQUEST ON-THE-RECORD BEECHUM ANALYSIS

(government issue V)

The Fifth Circuit in **United States v Elwood**, 993 F2d 1146, 1153 (5th Cir. 1993) states that "upon request of a party, the district court determining admissibility of 404(b) evidence must make an on-the-record articulation of its **Beechum** probative value/prejudice inquiry."  The Fifth Circuit in U.S. v Osum, 943 F2d 1394, 1403 (5th Cir. 1991) held that a remand is **not** required only "if the trial court expressly states that it has made the Beechum probative value prejudice weighing and find that prejudice does not substantially outweigh the probative value [and] there

is nothing to indicate the trial court misunderstood or misapplied the **Beechum** teat."

In petitioner's case, counsel Small on appeal tried to bring this argument to the court and the Fifth Circuit denied it because Counsel did not **request** said Beechum analysis in the district court. [See 5th Cir. ORDER June 11, 2002 page 12]. The Fifth Circuit did not say the record foreclosed the instant argument, only that counsel failed to bring it to the district court.

There is a substantial uncertainty about the correctness of the ruling allowing the 404(b) material in and counsel Small's attempt to correct it on appeal shows this court that counsel himself realized the error. Clearly, the failure of counsel to object at trial and preserve this issue for review on appeal deprived the petitioner of his substantial rights protected by the previsions of Federal Rule of Evidence Rules 401 through 404(b). Counsel's errors were of sufficient gravity to undermine the fundamental fairness of the proceedings and a new trial is necessary.

VII.

**COUNSEL FAILED TO EXCLUDE INTENT AND KNOWLEDGE IN NON-CONSPIRACY SCHEME TO DEFRAUD**

(government issue VI and VII)

Fifth Circuit Law permits allowing intent issue in conspiracy counts only. **United States v Mergist**, 738 F2d 645, 650 (5th Cir. 1984)... not scheme to defraud counts. Under the holding of **Mergist**, petitioner's counsel should have objected to the introduction of intent and knowledge for charges other than

conspiracy.  In **United States v Gonzalez**, 975 F2d 1514 (11th Cir. 1992) the court ruled in a similar case that even though extrinsic evidence was directly admissible to prove one count (conspiracy) it was error not to give a limiting instruction as to that count.

Counsel failed to research the law and determine that he needed to object to the object of intent being given in the scheme to defraud.

The govnernment's attempt at making light of this violation is contrary to settled law in these regards.  Furthermore, the government's position that removing intent and knowledge is preposterous (government response, page 27) is contrary to law in a majority of the circuits.  U.S. v Ortiz, 857 F2d 900 (2nd Cir. 1988);  **United States v Watson**, 894 F2d 1345, 1348 (D.C. Cir. 1990);  **United States v Walton**, 612 F2d 1176, 1180-81 (4th Cir. 1979);  **United States v Powell**, 587 F2d 443, 448 (9th Cir. 1978);  **United States v Ring**, 513 F2d 1001 (6th Cir. 1975).

Counsel had an affirmative duty to challenge these errors and protect his clients rights.  As a result of counsel's failures, petitioner's proceedings were rendered fundamentally unrealiable. This court should reverse the conviction and order a new trial, **Nealy v Cabana**, 764 F2d 1173, 1180 (5th Cir. 1985), to ensure petitioner's 5th and 6th Amendment rights are protected.

## VIII.

### APPELLATE COUNSEL FAILED TO ARGUE ON APPEAL
### THAT PRIOR CONVICTIONS IMPROPERLY INTRODUCED

(government issue VIII)

The government's response does nothing to retract from

petitioner's §2255 argument that appellate counsel was ineffective for failing to argue on appeal the improper introduction of 404(b) prior conviction evidence.  The petitioner readopts, realleges, and incorporates by reference his §2255 argument VIII in its entirety.

IX.

COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE INCLUSION OF IN AND OF ITSELF JURY INSTRUCTION

(government issue IX)

The misleading nature of the "in and of itself" language had the grave potential to mislead the jury into thinking that standing alone, the guilty plea of a codefendant could not be evidence of guilt of the petitioner.  But, in combination with evidence, the jury may have thought the plea could be taken as evidence of the petitioner's guilt.  This misleading nature of the "in and of itself" language has been condemned in United States v Gonzalez-Gonzalez, 136 F3d 6, 10-11 (1st Cir. 1998) and since 2001 the Fifth Circuit has deleted the language in its pattern jury instructions.  Additionally, the Sixth, Seventh, Eighth and Ninth Circuits have deleted the "in and of itself" language.

The importance of this jury instruction cannot be stressed enough because the cautionary instruction "may tip the scale." Tillery v United States, 411 F2d 644 (5th Cir. 1969).

Counsel had an affirmative duty to research the law and facts of the case, and make the proper objections to prejudicial jury instructions.  Jurek v Estelle, 593 F2d 677, 683 (5th Cir. 1979).

Counsel was ineffective and said ineffectiveness infected the trial proceedings and rendered the outcome fundamentally unfair. The petitioner readopts, realleges and incorporates by reference his §2255 issues in its entirety for this reply brief. This court should vacate petitioner's conviction and order a new trial, or at the very least, order an evidentiary hearing to address the extent of prejudices.

X.

COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE APPRENDI LEADERSHIP ROLE ENHANCEMENTS WHICH ARE NOW UNCONSTITUTIONAL IN LIGHT OF UNITED STATES V. BOOKER, 524 US _____ (2005) AND UNITED STATES V. FANFAN, 543 US _____ (2005).

(government issue X)

Petitioner was indicted as an aider and abetter and sentenced as an leader/organizer. In light of these discrepancies under **United States v. Booker/Fanfan**, 543 US _____ (2005) petitioner is entitled to have his conviction reversed. The essential element of aiding/abetting was not submitted to the jury for a determination beyond a reasonable doubt not was the leadership/organizer enhancement submitted to the grand jury not to the jury for a determination beyond a reasonable doubt, all in violation of petoitioner's 6th and 8th Amendment rights.

**Sanders v United States**, 373 US 1 (1963) allows the petitioner to bring up the **Blakely, Booker/Fanfan** issues due to the intervening change of law during the pendency of his §2255, and where petitioner was sentenced after **Apprendi** and counsel was

16

deficient.

### XI.

### COUNSEL WAS INEFFECTIVE FOR FAILURE TO ARGUE THAT INDICTMENT WAS MULTIPLICIOUS

(government issue XI)

Petitioner's §2255 issue XI adequately argues his multiplicious claims and the government did not present anything to deny him relief. Petitioner realleges, readopts and incorporates by reference his issue XI for this reply brief.

### XII.

### COUNSEL'S CUMULATIVE ERRORS DENIED PETITIONER'S DUE PROCESS RIGHTS

(government issue XII)

Trial counsel has committed several errors and omissions which, taken alone, rise to a constitutional level. When those errors and omissions are viewed together as a whole, the picture assembled clearly demonstrates counsel's ineffective assistance. These errors and omissions rendered the trial, the sentencing and appellate proceedings fundamentally unfair and deprives the petitioner of due process of law as guaranteed by the U.S. Constitution. Petitioner reiterates, readopts, realleges and incorporates by reference all of the claims of ineffective assistance of counsel raised in his §2255, into this reply brief.

This court should reverse petitioner's conviction and order a new trial.

WHEREFORE premises considered herein, petitioner respectfully prays that this court grant his §2255, reverse his conviction and order a new trial and/or reverse his sentence and resentence the petitioner without the sentencing enhancements in light of **Blakely** [and with consideration of Ex Post Facto concerns] or, in the very least, order an evidentiary hearing with appointment of counsel.

January 21, 2005                    Respectfully submitted,

                                    _Kenneth Richmond_
                                    Kenneth Richmond
                                    Reg. No. 81740-011
                                    P.O. Box 26020
                                    Beaumont, TX 77720-6020


### CERTIFICATE OF SERVICE

I, Kenneth Richmond, hereby certify that I mailed a true and correct copy of the foregoing reply response brief address to:

        U.S. Attorney's Office
        Att: Harry McSherry, Jr., AUSA
        500 Polydras St., Rm B-210
        New Orleans, LA 70130

on this the 21st day of January 2005.

                                    _Kenneth Richmond_
                                    Kenneth Richmond

1   have authorized.

2          MR. CLEMENT:  Well, again, I can only give

3   you the numbers -

4          JUSTICE STEVENS: It's potentially that

5   every case does. But if in fact, most sentences

6   come within the maximum anyway, it's of course a

7   serious problem in those cases, but system-wide,

8   it's not nearly the problem that the figures

9   you've mentioned suggest.

10         MR. CLEMENT: Again, Justice Stevens, I

11  want to answer as best I can.  The figures I have

12  suggest that 65 percent of the cases do involve an

13  upward adjustment of some kind. And so there is a

14  Blakely problem.  So the only real question

15  is, all right, 65 percent of the cases in the

16  world where nobody thought Blakely was a problem

17  for the guidelines involve those kind of upward

18  adjustments.  There may be ways through plea

19  agreements and the like to have people waive their

20  Blakely rights in certain ways that may make the

21  system work a little bit better or deal with a

22  slightly reduced number of cases.  But I think any

23  way you slice this, this is going to have a

24  tremendous impact on the reality of criminal

25  sentencing in the Federal system.

31



Ex "A"

United States District Court
Eastern District of Louisiana
Office of the Clerk                                    January 20, 2005
500 Camp St. Room C-151
New Orleans, LA 70130


Re: USA v Richmand; USDC No.00-321


Dear Clerk,

     Enclosed you will find an original and one copy of my Reply
Brief.  Please file this document.  Please also be informed that
I did not receive my copy of the governments response until January
7, 2005 and have submitted a sworn affidavit to that effect.
Please file this reply brief for review.  Thank you.


                         Sincerely,



                         Kenneth Richmond
                         Reg. No. 81740 011
                         P.O. Box 26020
                         Beaumont, TX 77720-6020


Certified #7003 1680 0005 0389 6905


State Of Texas             )
                           ) ss  Affidavit of Kenneth Richmond
County of Jefferson        )


     I hereby declare under penalty of perjury that I did not
receive the governments reply brief to my §2255 until January
7, 2005.  28 USC §1746.



                         Kenneth Richmond

