UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 00-321 |
| KENNETH RICHMOND | SECTION "N" |

## **ORDER AND REASONS**

This matter is before the Court by way of motion pursuant to 28 U.S.C. § 2255 by Kenneth Richmond.  Richmond was convicted in the United States District Court for the Eastern District of Louisiana on September 27, 2001, for the following offenses:  (1) conspiracy to commit bank fraud pursuant to 18 U.S.C. § 371[1]; (2) possession of stolen mail pursuant to 18 U.S.C. § 1708[2]; (3) identity fraud pursuant to 18 U.S.C. § 1028(a)(3)[3]; and (4) access device fraud pursuant to 18 U.S.C. § 1029(a)(3)[4].  Richmond's conviction and sentence were affirmed by the Fifth Circuit.  See *United States v. Richmond,* 71 Fed.Appx. 442, 2003 WL 21418115 (C.A.5 (La.)).

---

[1] Count 1 of the final Superseding Indictment.

[2] Count 2 of the final Superseding Indictment.

[3] Count 6 of the final Superseding Indictment.

[4] Count 9 of the final Superseding Indictment.

In proceeding under § 2255, Richmond asserts ineffective assistance of counsel in arguing that his sentence should be vacated, set aside, or corrected.

## I. BACKGROUND AND PROCEDURAL HISTORY

Richmond was arrested on September 29, 2000, and was indicted along with several others in a multi-count indictment bearing docket no. 00-321 in the Eastern District of Louisiana. This indictment alleged violations of conspiring to create counterfeit drivers' licenses and counterfeit credit cards, to steal mail, and to commit bank fraud, in violation of 18 U.S.C. § 371. Richmond was also charged with substantive counts of attempted mail theft in violation of 18 U.S.C. § 1708, possession of false identification documents in violation of 18 U.S.C § 1028(a)(3) and possession of 15 or more counterfeit access devices with intent to defraud in violation of 18 U.S.C § 1029(a)(3).

Richmond filed pre-trial motions to exclude (1) evidence of his 1997 and 1998 convictions involving possession of counterfeit securities and transfer and possession of false identification documents and/or possession of forged securities; (2) evidence pertaining to the murder of a co-conspirator; and (3) evidence demonstrating the forging of a real estate closing document. The government opposed all motions, and the District Judge[5] denied Richmond's motion as to the first issue (the 1997 and 1998 convictions), but granted the motion as to the other two matters, pursuant to Fed.R.Evid. 404(b). Nine of the defendants pled guilty, leaving Richmond, Richmond's sister Karen, and Armstead L. Keiffer to go on trial for four days. Richmond, Karen Richmond, and Keiffer were convicted by the jury on all counts charged against each.

---

[5] U. S. District Judge (now Fifth Circuit Judge) Edith Brown Clement presided.

2

Richmond filed a motion for new trial, claiming perjured testimony by a witness, a person by the name of Honey Carey ("Carey"). This motion was the result of an intercepted letter produced by the government, in which letter Carey claimed to be a co-conspirator and that her testimony purposefully minimized Richmond's role in the conspiracy at trial in order to protect him. The motion for new trial was denied.

Richmond was sentenced on February 20, 2002, at which time the sentencing judge granted, in part, the government's motion to upwardly depart, choosing a sentence of 240 months of imprisonment as to Count 6, 120 months as to Count 9, and 60 months for both Counts 1 and 2 of the Third Superseding Indictment, all terms to be served concurrently. The district court also ordered the terms of imprisonment to run consecutively to Richmond's imprisonment on revocation sentences.

As previously stated, Richmond timely appealed his conviction and sentence, both of which were affirmed.

## II. LAW AND ANALYSIS

### A. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. In *Strickland v. Washington,* 466 U. S. 668 (1984), the Supreme Court established a two-prong test to evaluate ineffective assistance claims. To obtain reversal of a conviction under the *Strickland* standard, the defendant must prove that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome in the proceeding. A defendant's failure

to satisfy one prong of the *Strickland* test negates a court's need to consider the other.  In deciding whether a counsel's performance was ineffective under *Strickland*, a court must consider the totality of the circumstances.

Under the performance prong of *Strickland*, there is a "strong presumption" that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance."  Courts have declined to characterize counsel's performance as ineffective assistance when counsel acted according to the defendant's restrictions on strategy, when the defendant failed to provide counsel with complete and accurate information, or when counsel refused to "assist[] the client in presenting false evidence or otherwise violating the law."

If prejudice is not presumed[6], the defendant must show that counsel's errors were prejudicial and deprived defendant of a "fair trial, a trial whose result is reliable."  This burden generally is met by showing that the outcome of the proceeding would have been different but for counsel's errors.  However, in some cases, the court will inquire further to determine whether counsel's ineffective assistance "deprive[d] the defendant of a substantive or procedural right to which the law entitles him."

### B.     Richmond's Claims

Richmond contends his counsel was ineffective for the following enumerated reasons:

---

[6] In interpreting the prejudice prong, the Supreme Court has identified a narrow category of cases in which prejudice is presumed.  The presumption applies when there has been an "[a]ctual or constructive denial of the assistance of counsel altogether", when counsel is burdened by an actual conflict of interest, or when there are "various kinds of state interference with counsel's assistance."  In these situations, prejudice is so likely to occur that a case-by-case inquiry in unnecessary.

4

1. **Failure to object to sentencing enhancements[7], pursuant to *Apprendi*[8] and *Blakely*.[9]**

It is well established that issues raised pursuant to this jurisprudence cannot be raised retroactively pursuant to collateral review under § 2255. See *United States v. Kalish,* 780 F.2d 506, 508 (5th Cir. 1986); *United States v. Segler,* 37 F.3d 1131,1134 (5th Cir. 1994).

Moreover, trial counsel is not held to a standard of foretelling future jurisprudence and/or changes in the law which might benefit the defendant. *Lucas v. Johnson,* 132 F.3d 1069, 1078 (5th Cir. 1978). Richmond's counsel cannot be deemed ineffective for conforming to the law as it existed at the time of the alleged error, i.e. at the sentencing hearing, and failing to anticipate significant subsequent changes in the law as set forth in *Blakely, Booker* and *Fanfan*. Indeed, even after *Blakely*, and well after the sentencing occurred, the U. S. Fifth Circuit, in *United States v. Pineiro,* 377 F.3d 464 (5th Cir. 2004), held that *Blakely* had no application to the Federal Sentencing Guidelines.[10]

---

[7]Since Richmond and the government briefed this issue, the United States Supreme Court rendered its decisions in *United States v. Booker,* 125 S.Ct. 738 (2005) and *United States v. Fanfan,* 125 S.Ct. 738 (2005). Richmond cites *Booker* and *Fanfan* in his response brief to further support his argument. Accordingly, Richmond's argument shall be considered not only pursuant to *Apprendi* and *Blakely,* but also under the more recent jurisprudence touching upon that issue.

[8]*Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000).

[9]*Blakely v. Washington*, 542 U.S.296, 124 S. Ct. 2531 (2004).

[10]Subsequently, on remand from the U.S. Supreme Court, *United States v. Pineiro,* 125 S.Ct. 1003 (2005), the Fifth Circuit revisited *Pineiro* following issuance of *Booker* and *Fanfan*, applying those decisions to Pineiro's case. See *United States v. Pineiro*, 410 F.3d 282 (5th Cir. 2005).

Lastly, even had all of this jurisprudence come down prior to Richmond's sentencing, there is no evidence that the trial judge would have issued a different or lower sentence. In fact, in this case, the Court departed upwardly from the guideline range after a lengthy sentencing hearing. Whether considered as an upward departure from a determined guideline range, or as a post-*Booker* sentence imposed in variance of the guidelines, the sentence Richmond received can hardly be called unconstitutional based upon the ineffectiveness of his counsel, who vigorously argued against such a sentence under whatever method of calculation; nor does it appear that the trial judge was tethered to the sentencing guidelines in some fashion to result in an unjust sentence.

### 2. Failure to properly advise as to maximum sentence if found guilty (inducing petitioner to go to trial based on misleading information as to petitioner's maximum sentence).

To support this claim, Richmond attaches as an exhibit only the first page of a letter written to him by his attorney. The government, however, attaches both pages 1 and 2 of the letter, which reveal Richmond's lack of candor in regard to this argument. On page 2 of the letter, Richmond is specifically advised by his counsel that the government would supersede and charge him with an access device fraud count which carried a maximum imprisonment of up to 20 years. Moreover, Richmond was arraigned on March 30, 2001 on all of the counts, at which time he was advised of the statutory penalties connected with each charge. See Rec. Doc. No. 47.

Richmond then contends that he might have entered a plea of guilty, which is obviously easy to assert post-trial after he has been convicted and sentenced, although the government contends that it was not interested in any plea proposal because Richmond "was a recedivist, a dangerous criminal and one who had orchestrated the murder of a co-conspirator." See Government's Opposition, Rec. Doc. No. 372, p. 24. This argument is without merit.

### 3. Failing to request an evidentiary hearing to develop the prejudicial effect of perjured testimony of witness Carey.

The Court need not decide a motion for new trial by having an evidentiary hearing, and/or ordinarily does not hold such a hearing. *United States v. Simmons,* 714 F.2d 29 (5th Cir. 1983). The decision to hold such a hearing rests within the sound discretion of the trial court. *United States v. Blackburn,* 9 F.3d 353 (5th Cir. 1993).

In this case, given the arguments made in the motion for new trial, the undersigned finds no reason why such an evidentiary hearing would have been necessary to determine such issues, and sees no abuse of discretion in failing to hold an evidentiary hearing. Moreover, this issue was presented by Richmond to the Fifth Circuit Court of Appeals, which concluded that the district court was correct in its evaluation of the arguments and evidence presented in connection with the motion for new trial. Fifth Circuit Opinion, pp. 8, 10-11.

### 4. Failure to correct false testimony (again involving witness Carey).

The Court agrees with the government that any of the allegedly "false" testimony which Richmond cites was exculpatory, engineered by Richmond himself. There is no evidence that the government sought or obtained any advantage whatsoever as a result of Carey's "false" testimony to convict Richmond; and any such testimony from Carey, false though it was, could only have operated to Richmond's advantage. Nonetheless, Richmond was convicted on the four counts with which he was charged. No relief is warranted on these grounds.

7

**In Globo Rule 404(b) Claims:**

5. **Failure to properly argue and request on-the-record *Beechum*[11] analysis relative to Rule 404(b) evidence.**

6. **Failure to properly exclude admission of "other act" evidence on issues of intent and knowledge.**

7. **Failing to take issue of knowledge and intent, which would have excluded introduction of Rule 404(b) evidence of prior convictions (in other words, Richmond argues counsel was ineffective for offering a defense of lack of intent and/or knowledge).**

8. **Failing to argue on appeal that 404(b) evidence was improperly introduced.**

Issues raised by Richmond in these four allegations of ineffective assistance of counsel were the subject of the Fifth Circuit's opinion (see pp. 12-14). Therefore, the Court finds no error or ineffectiveness on the part of counsel (both trial and appellate) for unsuccessfully arguing the inadmissibility of Rule 404(b) evidence involving Richmond's two prior convictions.

Richmond further claims that the district court failed to make an on-the-record *Beechum* analysis. Richmond fails to note the trial court's application of the two-prong *Beechum* test set forth in its Order and Reasons dated September 21, 2001[12], rendered in response to the motion in limine filed pre-trial. Insofar as the defendant urged as a defense that he had no knowledge of or intent to commit the actions alleged by the government and testified to by the witnesses, Richmond's argument is further undercut.

---

[11] *United States v. Beechum,* 582 F.2d 898 (5th Cir. 1978).

[12] See Rec. Doc. No. 219.

Conversely, Richmond also argues, in Ground 7 above, that his counsel was actually ineffective for contesting knowledge and intent, which opened the door for such Rule 404(b) evidence. Stated differently, Richmond argues that his attorney was ineffective for defending the case on grounds of lack of knowledge and/or intent. Of course, given the facts as proven at trial, lack of knowledge and/or intent was in all probability Richmond's only possible defense, and failure to argue such issue would have left very little to dispute as to Richmond's guilt. Though Richmond would like to argue the ineffectiveness of his counsel for adopting such a strategy, he fails to consider the ramifications of abandoning such strategy. The Court can find no shortcomings by counsel in adopting the strategy of which Richmond now complains.

### 9. Failing to object to a jury instruction provision (the inclusion of "in and of itself") of § 1.15 of the Pattern Fifth Circuit Jury Instructions.

Richmond's complaint that his counsel failed to object to a Pattern Jury Instruction is also without merit. The trial court utilized § 1.15 of the Pattern Fifth Circuit Jury Instructions, which instruction had been approved in *United States v. Pettigrew,* 77 F.3d 1500 (5th Cir. 1996). Moreover, Richmond fails to demonstrate that inclusion of the disputed language in the instruction, and his counsel's failure to object, caused any fundamentally unfair outcome in the trial, jury verdict, or sentencing.

### 10. Failing to argue/object to an enhancement based upon a leadership role.

Richmond is incorrect in asserting that counsel failed to object to the "leadership role" enhancement. Such arguments were made by counsel, however the Court found such enhancement appropriate under U.S.S.G. § 3B1.1. The Court finds no error in application of the enhancement, and surely no error on behalf of counsel in arguing against it.

      **11.**      **Failing to research, investigate, and argue that the indictment was "multiplicious, in violation of his Fifth and Sixth Amendment rights."**

This argument, too, is without merit. It is long well-settled that a § 371 general conspiracy can be charged along with substantive offenses that relate to the underlying principal objectives of that conspiracy without offending notions of double jeopardy, or creating an unfair multiplicity of charges. See *Callahan v. United States,* 364 U.S. 587 (1961); *United States v. Harrelson,* 754 F.2d 1182 (5th Cir. 1985).

      **12.**      **Cumulative error.**

Because Richmond has not demonstrated the merit of any of the particular errors he claims in his § 2255 motion, the Court finds no cumulative error, and this argument, too, fails.

### III. CONCLUSION

For the foregoing reasons, and finding no merit in Richmond's arguments, the motion of Kenneth Richmond to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, be and is hereby **DENIED**. To the extent that Richmond believes that any of these counts warrant an evidentiary hearing, the Court disagrees, and **DENIES** Richmond's motion, to the extent such evidentiary hearing is suggested.

New Orleans, Louisiana, this __7th__ day August, 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**